

# Fourth Court of Appeals
## San Antonio, Texas

October 28, 2015

No. 04-15-00509-CR

Terrance **RAMSEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR5401
Honorable Maria Teresa Herr, Judge Presiding

# O R D E R

On September 18, 2015, we issued an order stating that it appeared that this appeal should be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 25.2(d). We noted that the clerk's record contained a trial court certification stating that this "is a plea-bargain case, and the defendant has NO right of appeal." Based on our initial review of the clerk's record, it appeared that the certification accurately reflected that this was a plea bargain case, and the appellant, Terrance Ramsey, did not have a right to appeal. Thus, our order stated that this appeal would be dismissed pursuant to Rule 25.2(d), unless an amended trial court certification showing that appellant had the right of appeal was made part of the appellate record. A copy of our order was sent to appellant's court-appointed appellate counsel, Michael Raign. To date, no amended trial court certification has been filed.

However, further review of the clerk's record shows that appellant filed a motion to suppress physical evidence on November 8, 2013, and the trial court signed an order denying the motion on March 12, 2014. Texas Rule of Appellate Procedure 25.2(a)(2)(A) provides that, in a plea-bargain case, a defendant may appeal those matters that were raised by written motion filed and ruled on before trial. *See id.* 25.2(a)(2)(A). Therefore, if appellant is appealing the denial of this motion to suppress, the trial court's certification is defective.

We, therefore, **ORDER the trial court to determine whether or not its original certification is defective and, if necessary, to correct any defect in its certification no later than <u>November 24, 2015</u>.** We also ORDER the trial court clerk to file a supplemental clerk's record containing any corrected certification no later than December 2, 2015. In the event that no amended trial court certification showing that appellant has the right to appeal is made part of the appellate record, this appeal will be dismissed.

_Karen Angelini_

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 28th day of October, 2015.

_Keith E. Hottle_

Keith E. Hottle
Clerk of Court